UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KAREEM R. HOWELL,

        Plaintiff,

  v.

                                      Case No. 12-14406

STATE FARM FIRE AND CASUALTY COMPANY     Honorable Julian Abele Cook, Jr.

        Defendant.


<u>ORDER</u>

This action was originally filed in the Wayne County Circuit Court of Michigan involving a dispute between the Plaintiff, Kareem Howell, the Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm") and one of its agents, Tony Massey over the alleged refusal by the insurer to honor a contractual obligation to transmit homeowner insurance benefits to its insured. Although the amount in controversy requirement for diversity jurisdiction appears to have been satisfied, the removal of this lawsuit could not be effected at the time of filing because Massey is a Michigan resident. Thereafter, the parties filed motions for summary disposition which resulted in the entries of two orders: one in favor of Howell, and the other (in the form of a consent order) which dismissed Massey from this case with prejudice. However, State Farm - believing that the state court decision was legally incorrect - filed a motion for reconsideration. On the following day and prior to any judicial resolution of its pending motion for reconsideration, State Farm - pointing to the prior dismissal of Massey as a litigant from this action - filed a pleading which ultimately caused its removal to this federal court pursuant to 28 U.S.C. §§ 1332, 1446.

On December 18, 2012, the parties were directed by this Court to file briefs which would

address the authority of this federal court to resolve the issues that had been raised by State Farm in its motion for reconsideration in the state court.

Several decades ago, the Supreme Court declared that "after removal, the federal court takes the case up where the State court left off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local 70*, 415 U.S. 423, 436 (1974) (internal quotation marks omitted) (interpreting 28 U.S.C. § 1450). Taking the commentary from *Granny Goose Foods* literally, this Court will take the case as though "everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955); *see also Resolution Trust Corp. v. BVS Dev., Inc.*, 42 F.3d 1206, 1212 (9th Cir. 1994). Given this framework, a judgment that is issued by a state court will be treated as if it had been rendered by a federal court, *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985), which authorizes the federal court to "dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal," *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1252 (11th Cir. 1988) (citing *Granny Goose Foods*, 415 U.S. at 437). *See also Zolman v. United States*, 170 F. Supp. 2d 746, 751 (W.D. Mich. 2001) ("It is clear that a judgment in a removed state-court action is subject to being modified or set aside under the Federal Rules, just as if the judgment had been entered in the federal court.").

It appears that the State Farm motion for reconsideration was timely filed in the state court while awaiting its disposition at the time of removal. *See* MCR 2.119(F)(1) (motion for reconsideration must be filed not later than 21 days after entry of order). When the case was removed, this motion - which had become part of the state court record, was removed with it. *See Murray*, 770 F.2d at 464. Therefore, the State Farm motion for reconsideration will be considered and evaluated as if it had been timely filed in this Court.

2

Howell disagrees with the logic, as well as the reasoning, of this Court, contending that the reconsideration of a state court order by a federal judge is contrary to law and pointing to a discussion of these federalism concerns in *Johnson v. Wired or Wireless, Inc.*, No. 12-CV-0497, 2012 WL 3861990 (E.D. Wash. Sept. 5, 2012) for support of his position. Although this Court is sensitive to the federalism issue, its implication is not as acute in this case as it was in *Johnson*. In *Johnson*, the state court granted leave for the plaintiff to amend his complaint to add a federal claim to his initial state law claims. The case was then removed on the basis of the newly created federal question jurisdiction.  Thereafter, the federal court was asked to reconsider the state court order which had permitted the addition of the federal claim. The *Johnson* court noted that if the state court order was overturned, federal jurisdiction would be destroyed, and the case would be remanded to the state court.  This procedural posture placed the district court in the unusual position of effectively deciding an interlocutory appeal.

A second anomoly was created in *Johnson* by the type of state law at issue. The state court granted leave to amend on the basis of its understanding of the state rules of civil procedure. By filing a motion for reconsideration, the defendant had placed the federal court in the awkward position of judging a state court's interpretation of its own procedural law.

Neither of those concerns are present in this case. Massey was dismissed by a separate consent order which need not be addressed by this Court. Thus, any reconsideration of the order which granted a summary disposition in favor of Howell will not affect the jurisdiction of this Court. Moreover, the issues raised in the motion for reconsideration are issues of state substantive law - not procedural law. As a consequence, an order issued in this case could not be considered a reconsideration of "procedural rulings which trigger federal question jurisdiction in the first

3

instance." *Johnson*, 2012 WL 3861990, at *3.

Howell raises an additional question as to the proper standard of review. A federal court sitting in diversity applies federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Thus, a motion for reconsideration will be reviewed according to the standard which was established by E.D. LR 7.1(h). As such, a prior order may be overturned only if State Farm - as the proponent of the request for reconsideration - can demonstrate (1) the existence of a palpable defect whereby the state court and the parties were misled, and (2) a correction of the defect will lead to a different disposition of the case. E.D. Mich. LR 7.1(h)(3). The Court notes that this is the same standard of review that would have been applied in state court. *See* MCR 2.119(F)(3).

Finally, Howell suggests that the Court should reject State Farm's motion because it failed to attach a transcript of the hearing at which the state court issued its order. The written order of the court, which had been attached as an exhibit by State Farm, made references to the record of the proceedings but offered no insight into the reasoning of the court in rendering its decision. While it is possible that the lack of a transcript of the prior proceedings may prevent State Farm from satisfying its burden of demonstrating a palpable defect, this does not appear to implicate the issue of jurisdiction.

After a review of the parties' briefs and the relevant case law, the Court finds that it does have the authority to address State Farm's motion for reconsideration. Therefore, State Farm is directed to file its motion with this Court within 10 days from the date of this order. Inasmuch as all prior proceedings occurred in the state court, a response by Howell would aid the Court in reaching a just and fair disposition. Hence, Howell is directed to file a response to the State Farm motion within 21 days of the date of this order. A reply, if any, must be filed within 14 days of the filing of

4

the response.

       IT IS SO ORDERED.


Date: May 2, 2013                                       s/Julian Abele Cook, Jr.
                                                     JULIAN ABELE COOK, JR.
                                                      U.S. District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 2, 2013.


                                      s/ Kay Doaks
                                      Case Manager