UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREEM R. HOWELL,

        Plaintiff,

                                      Case No. 12-14406
v.                                       Honorable Julian Abele Cook, Jr.

STATE FARM FIRE AND CASUALTY COMPANY

        Defendant.

ORDER

This civil action involves a dispute between Kareem Howell, State Farm Fire and Casualty Company (hereinafter "State Farm") and one of its agents, Tony Massey over the insurer's alleged refusal to honor a contractual obligation to transmit homeowner insurance benefits to Howell. The case was originally filed in the Wayne County Circuit Court of Michigan. In the state court, the parties filed motions for summary disposition which resulted in the entries of two orders: one in favor of Howell, and the other (in the form of a consent order) which dismissed Massey from this case with prejudice. State Farm subsequently filed a motion for reconsideration and - after pointing to the prior dismissal of Massey as a litigant from this action - removed the case to this federal court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1332, 1446. Currently pending before the Court is State Farm's motion for reconsideration of the order by the state court.

Pursuant to Local Rule 7.1(h), a litigant may file a motion for reconsideration within a period of fourteen days after the entry of the challenged order. E.D. Mich. LR 7.1(h). "Generally, . . .the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

In order to be successful in this endeavor, the moving party must establish (1) the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," and (2) "that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect is one that is "obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

This case presents the unusual situation where the Court is asked to reconsider a ruling that was rendered by another court. Typically, when addressing a motion to reconsider, a court is aware of its own reasoning and may therefore easily determine whether an error has been made. Here, however, the Court has no specific knowledge of the reasoning by the state court and must therefore rely upon the record that was made in that tribunal. Although the final determination by the state court in the form of a written order was provided to the Court by State Farm, the proffered document failed to include the reasoning or the rationale for its decision. Howell contends that (1) this reasoning was provided orally by the state court judge during a hearing, and (2) in the absence of a transcript, the Court is not positioned to render a decision on State Farm's motion. The Court agrees. Moreover, it also notes that the order makes references to the oral arguments that were heard by the state court and served - at least in part - as the basis for its decision. However, and significantly, a transcript of these arguments was not made available to the Court for its review. As such, the Court is unwilling to consider the merits of State Farm's motion on the basis of an incomplete record. Accordingly, State Farm - as the movant - is directed to file a certified copy of the transcript of the relevant state court hearing within a period of thirty (30) days of the date of this order.

IT IS SO ORDERED.

Date: November 15, 2013           s/Julian Abele Cook, Jr.
                                  JULIAN ABELE COOK, JR.
                                  U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 15, 2013.

                                  s/ Kay Doaks
                                  Case Manager