UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREEM R. HOWELL,

       Plaintiff,

v().

                                         Case No. 12-14406

STATE FARM FIRE AND CASUALTY COMPANY    Honorable Julian Abele Cook, Jr.

       Defendant.

## ORDER

This civil action involves a dispute between the parties over the decisions by the Defendant, State Farm Fire and Casualty Company ("State Farm") and one of its agents, Tony Massey, to decline a request to honor its contractual obligation to transmit homeowner insurance benefits to the Plaintiff, Kareem R. Howell. This case was originally filed in the Wayne County Circuit Court of Michigan ("Wayne Circuit") on February 15, 2012. While the case was pending in the state court, the parties filed motions for summary disposition which resulted in the entry of two orders; namely, one in favor of Howell, and the other (in the form of a consent order) which dismissed Massey as a party from this case with prejudice. State Farm subsequently filed a motion for reconsideration and - pointing to the prior dismissal of Massey as a litigant from this action - caused the case to be removed to this federal court on the basis of its diversity jurisdiction. 28 U.S.C. §§ 1332, 1446.

Currently pending before the Court is State Farm's motion for reconsideration of the state court's entry of summary judgment in favor of Howell.

I.

According to the pleadings in this action, Howell acquired an interest in the Tyler Street property on December 21, 2009 - the same date when he also purchased a homeowner's insurance policy from State Farm. Approximately nine months later, on September 3, 2010, a fire occurred at the property. After Howell submitted a claim to State Farm for the damage to the building and his personal property, State Farm investigated the fire, including its origin and possible causes. At the conclusion of its investigation, it denied Howell's claim on several grounds including, *inter alia*, that Howell: (1) provided materially false information on his application when he represented that the property would be occupied by its owner; (2) intentionally set the fire or arranged for the fire to be set; and (3) engaged in concealment and fraud when he (a) testified that he had not been involved in the activities relating to the fire on Tyler Street; (b) exaggerated the value of the damaged property; and (c) testified falsely regarding the occupancy of the property.

After his claim was denied, Howell filed this lawsuit in the Wayne Circuit. State Farm proceeded to seek the entry of a summary disposition on the sole issue of whether Howell falsely represented on his insurance application that the property would be owner occupied. In support of this motion, State Farm proffered the results of its title search which showed that Howell was not the legal owner of the property - citing to a gap in title that had been created in 2008.

It is undisputed that Howell purchased the property from Karnita Young on December 21, 2009. Young obtained her interest in the property from Jonathan Hudson by way of a quitclaim deed seven years earlier on August 22, 2002. However, two transactions occurred in 2008 which appear on their face to have divested Young of her interest before she sold the property to Howell.

The first transaction occurred on August 12, 2008. A deed executed on this date purports to quitclaim the property from Shondra Whitson to Young. The obvious problem with this conveyance

is that on August 12, the property was already owned by Young.

The second transaction occurred a day later - on August 13, 2008 - and purports to quitclaim the property from Young to Whitson. As a result of this second deed, Whitson appears to have been the lawful owner in December 2009, at the time Howell attempted to purchase the property from Young. Thus it appears that Young did not have any interest to convey to Howell. Consequently, Howell never purchased the property and was not the owner of record when he "represented" to State Farm on his insurance application that the property would be owner occupied. State Farm contends that this misrepresentation is material and warrants a rescission of the insurance contract.

Howell, on the other hand, asserts that this perceived gap in the title is the result of a scrivener's error. Specifically, he contends that the date on the first deed is inaccurate. According to him, the date on the first deed should have been August 23, 2008 rather than August 12, 2008. This change in dates would reverse the order of the two transactions. If Howell is correct, Young would have sold the property to Whitson on August 13th and then Whitson would have sold the property back to Young on August 23rd. As such, Young would have been the owner of the Tyler property on December 21, 2009, and could have successfully conveyed a legal interest in the property to Howell. Howell's subsequent statement to State Farm that he was the owner would then be true. Howell's version of the facts is supported by a sworn affidavit from Young.

The state court judge agreed with Howell and determined by clear and convincing evidence that (1) the date of the first contract contained an error, (2) Howell was the owner of the property, and (3) Howell's application to State Farm did not contain a material misrepresentation regarding his ownership. State Farm filed this motion for reconsideration and shortly thereafter removed the case to this Court. As the state court had not yet considered the motion for reconsideration at the

time of removal, it remains pending before this Court and is now ready for disposition.

II.

Pursuant to Local Rule 7.1(h), a litigant may file a motion for reconsideration within fourteen days after the entry of the order. E.D. Mich. LR 7.1(h). "Generally, . . .the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). In order to be successful in this endeavor, the moving party must establish (1) the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," and (2) "that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect is one that is "obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

III.

In its motion, State Farm submits that the state court made two erroneous decisions, both of which should be corrected. The first error is that the state court improperly denied its motion for summary disposition.[1] Specifically, State Farm contends that the state court should have granted its motion for summary disposition because even if the scrivener's error caused the disputed date to be written incorrectly, Michigan law does not permit Howell to engage in a "post-loss" correction of

---

[1] State Farm also appears to argue that the state court improperly granted Howell's motion for summary judgment because Howell failed to provide sufficient supporting evidence. This argument presents no new facts or law. Rather, it reflects little more than a disagreement with the decision by the state court. Such a disagreement is not the proper basis for a motion for reconsideration. The state court considered and weighed all of the evidence presented by both parties before reaching its decision, and this Court will not repeat that process. Noting that State Farm has failed to establish the requisite "palpable defect," the motion for reconsideration is denied on this ground.

the deed. *See Pink v. Smith*, 274 N.W. 727, 729-30 (Mich. 1937). Rather, Howell was required to correct the deed before he represented to State Farm that he was the owner of the property.

This argument misunderstands the nature of a scrivener's error and its effect on the formation of a contract. A scrivener's error occurs when a written instrument fails to express the intent of the parties at the time of the contract formation. *Newland v. First Baptist Church Soc. of Bellvue*, 100 N.W. 612, 612 (Mich. 1904). "A written instrument may be reformed where it fails to express the intentions of the parties thereto as the result of accident, inadvertence, mistake." *Capitol Sav. & Loan Ass'n v. Przybylowicz*, 268 N.W.2d 662, 664 (Mich. Ct. App. 1978); *see also La Salle Bank, N.A. v. Krstev*, No. 302390, 2012 WL 1649774, at *4 (Mich. Ct. App. May 10, 2012) (quoting *Etherington v. Bailiff,* 55 NW2d 86, 90 (Mich. 1952)*; Burkhart Associates, Inc. v. Nowakowski*, No. 277744, 2008 WL 4367528 (Mich. Ct. App. Sept. 25, 2008). Reformation does not create a new contract, but rather makes the written manifestation of the parties' original agreement correspond with their intentions. 76 C.J.S. *Reformation of Instruments* § 100. It follows then that the reformation of a contract relates back to the date the original contract was executed. *Lee State Bank v. McElheny*, 198 N.W. 928, 930 (Mich. 1924) ("Reformation relates back to the date of the mortgage."); *see also* 76 C.J.S. *Reformation of Instruments* § 101 ("[T]he reformation of an instrument relates back to the time of the original execution of such instrument."); 366 Am. Jur. 2d *Reformation of Instruments* § 9.

The decision by the Michigan Supreme Court in *Pink* is inapposite to this case. In *Pink*, the plaintiff was the named beneficiary of an insurance policy who was permitted to recover reimbursement for fire damage to the insured property even after the owner of the property repaired all of the fire damage and restored the property to its previous condition. The *Pink* court held that

5

the owner's post-loss actions to repair the property did not affect the plaintiff's right to receive the proceeds from the insurance policy, which was fixed at the time of the fire.

Here, any correction to the date of the disputed deed relates back to the date of its original execution, which occurred well before the fire. Contrary to State Farm's assertion, in no way can such a correction be deemed "post-loss." Despite the scrivener's error, Howell has been the legal owner of the property since December 21, 2009. It follows that he did not make a false representation on his insurance application form, and State Farm has therefore not demonstrated that rescission of the contract is justified. On the issue of contract rescission, State Farm's motion for reconsideration must be denied.

State Farm next contends that the state court committed another error when it granted a judgment in favor of Howell without considering its two additional affirmative defenses of arson and fraud. The Court agrees. Neither party discussed these defenses in their motions for summary disposition. During the hearing, the state court failed to even mention - let alone analyze - either of these defenses. Thus, the only issue properly before the state court was State Farm's defense of contract rescission. As evidenced by the following statement, when the state court ruled in favor of Howell on the issue of contract rescission, it mistakenly believed that no other disputes remained and Howell was entitled to an entry of judgment:

> The Court, having viewed all the materials that have been presented, it seems to me to be clear that there was simply an error in placing that date in there. The date was erroneously placed, it's clear. The evidence is clear and convincing. The Plaintiff is therefore entitled to judgment in this case.

Hearing Tr. 11:12-17, Aug. 31, 2012, ECF No. 25. As neither of the parties nor the state court addressed the arson or fraud defenses, it cannot be said that any disposition on these defenses was

in fact reached by the state court.

Howell contends that State Farm waived these defenses in its letter to him in which his claim was denied. To the contrary, State Farm expressly reserved its arson and fraud defenses in this letter. More to the point, the state court judge never mentioned the issue of waiver. The evidence in terms of the parties' submissions and the state court's oral ruling clearly establish that the arson and fraud defenses were simply overlooked. The entry of judgment in favor of Howell was therefore premature.

For the reasons discussed above, State Farm's motion for reconsideration (ECF No. 14) is granted in part and denied in part. The judgment that was entered by the state court in favor of Howell is vacated. State Farm's motion for summary judgment on the rescission defense is denied. Howell's motion for summary judgment on the rescission defense is granted.

IT IS SO ORDERED.

Date: March 4, 2014    s/Julian Abele Cook, Jr.
                       JULIAN ABELE COOK, JR.
                       U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 4, 2014.

                       s/ Kay Doaks
                       Case Manager